IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

PETINA M. RADCLIFF,
        Plaintiff,

v.                                              No:  5:07cv149/MCR/MD

MICHAEL J. ASTRUE,
Commissioner of Social Security,
        Defendant.
_____

## REPORT AND RECOMMENDATION

This case has been referred to the undersigned magistrate judge pursuant to the authority of 28 U.S.C. § 636(b) and Rules 72.1(A), 72.2(D) and 72.3 of the local rules of this court relating to review of administrative determinations under the Social Security Act and related statutes.  It is now before the court pursuant to 42 U.S.C. § 405(g) of the Social Security Act for review of a final determination of the Commissioner of Social Security (Commissioner) denying claimant Radcliff's application for Supplemental Security Income (SSI) benefits under Title XVI of the Act.

Upon review of the record before this court, it is the opinion of the undersigned that the findings of fact and determinations of the Commissioner are supported by substantial evidence; thus, the decision of the Commissioner should be affirmed.

## PROCEDURAL HISTORY

Plaintiff filed an application for SSI benefits with a claimed onset date of April 16, 1996.  The claim was denied initially and on reconsideration and plaintiff

requested a hearing before an Administrative Law Judge (ALJ).  A hearing was held on March 29, 2005 at which plaintiff was represented by counsel and testified.  A vocational expert also testified.  The ALJ rendered an unfavorable decision on November 21, 2006 and the Appeals Council declined review (tr. 7-10), making the decision of the ALJ the final decision of the Commissioner, and therefore subject to review in this court.  *Falge v. Apfel*, 150 F.3d 1320 (11th Cir. 1998).  This appeal followed.

## FINDINGS OF THE ALJ

Relative to the issues raised in this appeal, the ALJ found that plaintiff had severe impairments of chronic cervical and lumbar spinal pain and mild depression and anxiety but that she did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R., Part 404, Subpart P, Appendix 1; that she had the residual functional capacity to perform a substantial range of light work in that she could lift and carry 20 pounds occasionally and 10 pounds or less frequently, could sit for six hours and stand or walk for up to six hours in an eight hour day with normal breaks, could occasionally perform push/pull functions with her arms and legs, could climb stairs and ramps but not ropes, ladders or scaffolds, could occasionally balance, stoop, kneel, crouch or crawl, should avoid extreme temperatures, humidity, dampness, vibration and irritating inhalants, and was capable of appropriate interaction with supervisors or co-workers and the public; that she could not perform any of her past relevant work as a commercial cleaner or teachers aide; that she was 31 years old on the date of her alleged onset with a high school education; that considering her age, education, work experience and residual functional capacity there were jobs that exist in significant numbers in the national economy that she could perform, including route aide, coupon redemption clerk, and odd piece checker, and that plaintiff was not under a disability as defined in the Act (tr. 17-22).

## STANDARD OF REVIEW

The ALJ's decision will be reversed only if it is not supported by substantial evidence. *Falge, supra*. The court must determine whether the Commissioner's decision is supported by substantial evidence in the record and whether it is premised upon correct legal principles. *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). "A determination that is supported by substantial evidence may be meaningless . . . if it is coupled with or derived from faulty legal principles." *Boyd v. Heckler*, 704 F.2d 1207, 1209 (11th Cir. 1983). In determining whether substantial evidence exists, the court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the Commissioner's decision. *Tieniber v. Heckler*, 720 F.2d 1251, 1253 (11th Cir. 1983). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)(citations omitted). Findings of fact by the Commissioner that are supported by substantial evidence are conclusive. 42 U.S.C. § 405(g); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996).

A disability is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To qualify as a disability the physical or mental impairment must be so severe that the claimant is not only unable to do his previous work, "but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

Pursuant to 20 C.F.R. § 404.1520(a)-(f), the Commissioner analyzes a claim in five steps. A finding of disability or no disability at any step renders further evaluation unnecessary. The steps are:

1.    Is the individual currently engaged in substantial gainful activity?

2.      Does the individual have any severe impairment?

3.      Does the individual have any severe impairments that meet or equal those listed in Appendix 1 of 20 C.F.R. Part 404?

4.      Does the individual have any impairments which prevent past relevant work?

5.      Do the individual's impairments prevent any other work?

The claimant bears the burden of establishing a severe impairment that keeps her from performing her past work.  If the claimant establishes such an impairment, the burden shifts to the Commissioner at step 5 to show the existence of other jobs in the national economy which, given the claimant's impairments, the claimant can perform.  *Chester v. Bowen*, supra, 792 F.2d at 131; *MacGregor v. Bowen*, 786 F.2d 1050, 1052 (11th Cir. 1986).  If the Commissioner carries this burden, claimant must prove that she cannot perform the work suggested by the Commissioner.  *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987).

## PLAINTIFF'S MEDICAL HISTORY

The central thrust of plaintiff's argument here concerns her fibromyalgia.  As discussed below, she claims that the ALJ did not properly evaluate her subjective complaints of pain and should be reversed.  For that reason, this medical summary will be limited, except as appropriate, to her complaints of fibromyalgia and fibromyalgia-like symptoms.

As early as 1995 plaintiff was seen at the Bay Medical Center in Panama City, Florida for headache, low back pain, neck pain and myofascial pain (tr. 220-227).  Her personal physician at Beaches Family Practice Center (BFPC) saw her on November 19, 1998 complaining of fatigue and urinary frequency.  The physician's diagnosis was dysuria/lower abdominal pain; fibromyalgia; depression; and fatigue.  She continued to be seen at BFPC from that time through the time of her hearing in

March 2005 (tr. 358-421; 481-543).   Throughout the BFPC records there are complaints by plaintiff of constant pain worsened by movement, walking, standing, bending, twisting and similar activity, and aching all over.  There are also numerous notes on physical examinations indicating tenderness in the back but other tests being within normal limits.  Finally, the impression noted by the physicians at the BFPC were most frequently irritable bowel syndrome, low back pain and fibromyalgia.  In addition to her regular treating physicians, plaintiff was examined by Kris Lewandowski, M.D., in August 2002 at the request of the State Agency.  Dr. Lewandowski reported that she was in no visible distress, and walked, sat and changed positions without difficulty.  She could heel and toe walk and bend backwards 90˚ with normal grip strength and manual dexterity.  Her back was non-tender to palpation and she had no paraspinal muscle spasm.  Her extremities were equal in size and length, her joints were not swollen or tender and she had full range of motion and muscle strength throughout.  Dr. Lewandowski opined that plaintiff did not have any major abnormalities and that her manual function was not impaired (tr. 262-263).

Plaintiff was examined by Dr. Lewandowski again, in July 2004.  Her examination was precisely the same as it had been two years before and Dr. Lewandowski reported that he did not find any musculoskeletal or neurological impairment.

Finally, a February 2006 lumbar spine MRI revealed mild disc bulging at L5-S1 and no significant nerve root compression or spinal stenosis.

## DISCUSSION

The plaintiff argues that the ALJ erred in failing to apply the proper standard of review for her subjective complaints of pain and in failing to pose a complete hypothetical question to the testifying vocational expert, and that plaintiff was disabled from her onset date as a matter of law.  The Commissioner argues that the

ALJ's findings were supported by substantial evidence and must, therefore, be sustained.  The issue thus presented is whether the ALJ's decision that the plaintiff was not disabled, in light of her physical condition, age, education, work experience, and residual functional capacity, is supported by substantial evidence in the record.

     1.    <u>Plaintiff's subjective complaints of pain.</u>

     Plaintiff first contends that the ALJ erred in not applying the appropriate Eleventh Circuit standard for evaluating subjective complaints of pain.  As this court is well aware, pain is treated by the Regulations as a symptom of disability.  Title 20 C.F.R. § 404.1529 provides in part that the Commissioner will not find disability based on symptoms, including pain alone, ". . . unless medical signs or findings show that there is a medical condition that could be reasonably expected to produce these symptoms."  *Accord* 20 C.F.R. § 416.929.  The Eleventh Circuit has articulated the three-part pain standard, sometimes referred to as the *Hand*[1] test, as follows:

> In order to establish a disability based on testimony of pain and other symptoms, the claimant must satisfy two parts of a three-part test showing: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain.

*Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002) (citing *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991); *Ogranaja v. Commissioner of Social Security*, 186 Fed.Appx. 848, 2006 WL 1526062, *3+ (11th Cir. 2006) (quoting *Wilson*) (Table, text in WESTLAW); *Elam v. Railroad Retirement Bd.*, 921 F.2d 1210, 1216 (11th Cir. 1991).

     The Eleventh Circuit has also approved an ALJ's reference to and application of the standard set out in 20 C.F.R. § 404.1529, because that regulation "contains the same language regarding the subjective pain testimony that this court interpreted when initially establishing its three-part standard."  *Wilson, supra*, 284 F.3d at 1226.

---

[1] *Hand v. Bowen*, 793 F.2d 275, 276 (11th Cir.1986) (the case originally adopting the three-part pain standard).

Thus, failure to cite to an Eleventh Circuit standard is not reversible error so long as the ALJ applies the appropriate regulation.

But "[w]hile both the Regulations and the *Hand* standard require objective medical evidence of a condition that could reasonably be expected to cause the pain alleged, neither requires objective proof of the pain itself." *Elam*, 921 F.2d at 1215. The Eleventh Circuit has held that "pain alone can be disabling, even when its existence is unsupported by objective evidence." *Foote v. Chater*, 67 F.3d 1553, 1561 (11th Cir. 1995)(citing *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992)); *Walker v. Bowen*, 826 F.2d 996, 1003 (11th Cir. 1987); *Hurley v. Barnhart*, 385 F.Supp.2d 1245, 1259 (M.D.Fla. 2005).   However, the presence or absence of evidence to support symptoms of the severity claimed is a factor that can be considered. *Marbury*, 957 at 839-840;  *Tieniber v. Heckler,* 720 F.2d 1251, 1253 (11th Cir. 1983).

Finally, if the Commissioner refuses to credit subjective testimony of the plaintiff concerning pain he must do so explicitly and give reasons for that decision. *MacGregor v. Bowen*, 786 F.2d at 1054.  Where he fails to do so, the Eleventh Circuit has stated that it would hold as a matter of law that the testimony is accepted as true.  *Holt v. Sullivan*, 921 F.2d at 1223; *MacGregor v. Bowen*, 786 F.2d at 1054. Although the Eleventh Circuit does not require an  explicit finding as to a claimant's credibility, the implication must be obvious to the reviewing court. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005).  The credibility determination does not need to cite particular phrases or formulations but it cannot merely be a broad rejection which is not enough to enable the reviewing court to conclude that the ALJ considered the claimant's medical condition as a whole.  *Dyer*, 395 F.3d at 1210 (11th Cir. 2005) (internal quotations and citations omitted).  And of course, the reasons articulated for disregarding the plaintiff's subjective pain testimony must be based upon substantial evidence.  *Wilson*, 284 F.3d at 1225-1226; *Jones v. Department of*

*Health and Human Services*, 941 F.2d 1529, 1532 (11th Cir. 1991); *Hurley*, 385 F.Supp.2d at 1259.

Underlying the *Hand* standard is the need for a credibility determination concerning a plaintiff's complaints of pain.  Those complaints are, after all, subjective.  "[T]he ascertainment of the existence of an actual disability depend[s] on determining the truth and reliability of [a claimant's] complaints of subjective pain." *Scharlow v. Schweiker*, 655 F.2d 645, 649 (5th Cir. 1981) (holding that the ALJ must resolve "the crucial subsidiary fact of the truthfulness of subjective symptoms and complaints").[2]  People with objectively identical conditions can experience significantly different levels of pain, and pain is more readily treated in some than in others.  "Reasonable minds may differ as to whether objective medical impairments could reasonably be expected to produce [the claimed] pain.  This determination is a question of fact which, like all factual findings by the [Commissioner], is subject only to limited review in the courts . . . ." *Hand, supra,* at 1548-49.  It is within the ALJ's "realm of judging" to determine whether "the quantum of pain [a claimant] allege[s] [is] credible when considered in the light of other evidence." *Arnold v. Heckler*, 732 F.2d 881, 884 (11th Cir. 1984).  Thus, a physician may be told by a patient that he or she is in pain, and the physician may believe it, but the ALJ is not bound by that.  The evidence as a whole, including the existence of corroborating objective proof or the lack thereof, and not just a physician's belief or the plaintiff's claims, is the basis for the ALJ's credibility determination.

The ALJ applied the correct standard.  He found that plaintiff suffered from an underlying medical condition - chronic cervical and lumbar spine pain; he found that this condition could reasonably be expected to cause pain; but he found that plaintiff's allegations concerning the nature and extent of her pain were not credible

---

[2]  Decisions of the United States Court of Appeals for the Fifth Circuit decided prior to September 30, 1981 are binding precedent in the Eleventh Circuit. *Bonner v. Pritchard*, 661 F.2d 1206, 1207 (11th Cir.1981) (en banc).

(tr. 20).  Thus, it is not the ALJ's alleged failure to apply the correct standard of which plaintiff complains.  Her challenge is really to the ALJ's credibility finding.  The ALJ was correctly within his realm of judging when he noted that although plaintiff's general practice physician had noted fibromyalgia over an extended period, he had never noted the appropriate test for diagnosing that condition.

The diagnosis of fibromyalgia is based largely on the patient's subjective complaints, and positive laboratory findings are simply unavailable.  The disease has been recognized by The American College of Rheumatology as both real and difficult to confirm:

> Fibromyalgia is especially confusing and often misunderstood because almost all its symptoms are also common in other conditions. . . . Unfortunately, because certain symptoms lack physical and laboratory findings (signs), but depend mostly on a person's report of complaints and feelings (symptoms), these syndromes are often viewed as not being real or important.

Arthritis Foundation & American College of Rheumatology, Arthritis Information: Fibromyalgia (1992).

The American College of Rheumatology (ACR) has developed diagnostic criteria by which a person can be affirmatively diagnosed with the condition if he or she has widespread pain in combination with tenderness in at least 11 of 18 specific tender point sites.  See National Institute of Arthritis and Musculoskeletal and Skin Diseases, Questions and Answers About Fibromyalgia (1999), available at http://www.niams.nih.gov/hi/topics/fibromyalgia/fibrofs.htm.  The Seventh Circuit has held that requiring positive laboratory findings is error in cases of this nature.  Sarchet v. Chater, 78 F.3d 305 (7th Cir. 1996) (ALJ erred in finding claimant non-disabled because of lack of positive laboratory tests) (cited approvingly in Stewart v. Apfel, 245 F.3d 793 (11th Cir. 2001) (table), 2000 U.S. App. LEXIS 33214 (unpublished opinion)[3]).  In Stewart, the Court reviewed medical research on

---

[3] Unpublished decisions of this court are not binding precedent. See 11th Cir. R. 36–2.

fibromyalgia, noting that it often lacks medical or laboratory signs, is generally diagnosed mostly on an individual's described symptoms, and its hallmark is a lack of objective evidence. Thus, the ALJ's determination that a fibromyalgia claimant's testimony was incredible, based on the lack of objective evidence documenting the impairment, was reversed. *Stewart,* 245 F.3d at 793, 2000 U.S.App. LEXIS 33214, at *9, n. 4. More recently, the Eleventh Circuit addressed fibromyalgia in *Moore v. Barnhart,* 405 F.3d 1208, 1211 (11th Cir. 2005), where it reiterated the impropriety of focusing on the absence of objective findings corroborating claims of the impairment. Other Circuits that have considered the issue have found that fibromyalgia is a disease that can serve as the basis for a medically determinable impairment, even without positive laboratory findings. *See, e.g., Kelley v. Callahan,* 133 F.3d 583, 589 (8th Cir. 1998) ("Fibromyalgia, which is pain in the fibrous connective tissue components of muscles, tendons, ligaments, and other white connective tissues, can be disabling."); *Preston v. Secretary of Health & Human Services,* 854 F.2d 815, 817-18 (6th Cir. 1988) ("Fibrositis [now fibromyalgia] causes severe musculoskeletal pain which is accompanied by stiffness and fatigue due to sleep disturbances," and diagnosis involves testing for focal tender points.) Indeed, the Commissioner has recently instructed that in cases of chronic fatigue syndrome, a condition that, like fibromyalgia, is based largely on self-reported symptoms, "[p]ersistent, reproducible muscle tenderness on repeated examinations, including the presence of positive tender points" is an example of a medical sign that establishes the existence of a medically determinable impairment. Social Security Ruling 99-2p, 1999 WL 271569 (1999).

Nowhere in Dr. Haslam's records in this case is there any indication that he noted any specific tender points, much less 11 of the 18 required by the ACR for a diagnosis of fibromyalgia. The ALJ also pointed to the benign examination results recorded by Dr. Lewandowski and the mild findings on MRI's; the fact that no physician had opined that plaintiff was so restricted in her activities as to be

considered disabled; that her stomach problems were controlled by medication; and that she had told Dr. Haslam she was considering a job as a correctional officer, an indication that plaintiff herself did not believe she was disabled (tr. 20-21).  The ALJ had the entire record before him, and based on the entire record, not just on one physician's record, he found that plaintiff's subjective complaints of pain were not so severe as to make her entirely disabled.  There was substantial record evidence to support the ALJ's findings, and plaintiff is not entitled to reversal on this ground.

   2.   Hypothetical question.

   Plaintiff further contends that the ALJ erred in not including all his ultimate findings in his hypothetical to the vocational expert.  A hypothetical question must comprehensively describe the plaintiff's condition, and vocational expert testimony that does not accurately address that condition cannot be considered substantial record evidence.  *Pendley v. Heckler,* 767 F.2d 1561, 1563 (11th Cir. 1985).  However, "the ALJ [is] not required to include findings in the hypothetical that the ALJ had properly rejected as unsupported."  *Crawford v. Commissioner of Social Security*, 363 F.3d 1155, 1161 (11th Cir. 2004).

   Plaintiff says that the ALJ ultimately found that she could only occasionally push or pull with her arms and legs and occasionally balance, stoop, kneel, crouch or crawl, but did not include these limitations in his hypothetical.  Plaintiff is correct that these limitations were not included, but the Commissioner points out, correctly, that if there was any error it was harmless, because the jobs the ALJ found that plaintiff could do did not require any of those activities.  The vocational expert referred to the Dictionary of Occupational Titles (DOT) for each job the ALJ found plaintiff could perform, and none of those jobs require balancing, stooping, kneeling, crouching, or crawling.  *See DOT* §§ 239.687-010 (route aide); 290.477-010 (coupon redemption clerk); 221.587-018 (odd piece checker).  As to plaintiff's claim of irritable bowel syndrome (IBS) that she asserted kept her in the bathroom for eight hours daily, the ALJ discredited this testimony, noting that the medical records did not

support such a claim, and that both she and her treating physician stated that her IBS was well controlled with medication (tr. 21, 549, 557).  The hypothetical posed to the vocational expert was sufficient, and if there was error, the error was harmless.  Accordingly, it is respectfully RECOMMENDED that the decision of the Commissioner be AFFIRMED, that this action be DISMISSED and that the clerk be directed to close the file.

At Pensacola, Florida this 28th day of July, 2008.

/s/ *Miles Davis*

**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO PARTIES**

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  See 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).**